UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KRISTEN AKINS                                            CIVIL ACTION

VERSUS                                                    NUMBER 14-653-SDD-SCR

ACE AMERICAN INSURANCE COMPANY,
ET AL.

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 23, 2014.

                                                      STEPHEN C. RIEDLINGER
                                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KRISTEN AKINS                             CIVIL ACTION

VERSUS                                   NUMBER 14-653-SDD-SCR

ACE AMERICAN INSURANCE COMPANY,
ET AL.

## **MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Kristen Akins. Record document number 5. The motion is opposed.[1]

For the reasons which follow, the plaintiff's motion should be denied.

## **Background**

Plaintiff filed a Petition for Damages (hereafter "Petition") in state court against defendants Taco Bell Corp. and Ace American Insurance Company to recover damages for injuries incurred when a ceiling tile fell on the plaintiff's head while dining at a Taco Bell restaurant in Denham Springs, Louisiana. Plaintiff alleged that she sustained injuries to her neck and lower back including an L4-5 annular tear and bulging discs and an L5-S1 annular tear and bulging discs.[2] Plaintiff alleged that her damages include physical pain and suffering; past, present and future medical

---

[1] Record document number 6.

[2] Record document number 1-2, ¶¶ 6-7.

expenses; permanent physical impairment and disability; mental anguish and emotional suffering; aggravation and inconvenience; and continual pain and suffering.

Defendants removed the case to this court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[3] Defendants alleged that the required jurisdictional amount is established by the allegations in the Petition.

Plaintiff moved to remand and argued it is not facially apparent from the Petition that the amount in controversy is greater than $75,000. Plaintiff asserted that the defendants have not satisfied their burden to show that the amount in controversy exceeds the jurisdictional threshold. Plaintiff also argued that the removal was procedurally defective because the defendants' Notice of Removal failed to explain why the jurisdictional amount is facially apparent from the Petition.

---

[3] Defendants alleged citizenship as follows: plaintiff is a citizen of Louisiana, defendant Taco Bell Corp. is a California corporation with its principal place of business in California, and Ace American Insurance Company is an insurance company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Pennsylvania. Record document number 1, ¶¶ 5, 7 and 8. Diversity of citizenship is not disputed.
   Defendants also asserted that Taco Bell Corp. was improperly named as a defendant and that the proper corporate entity is Taco Bell of America, LLC, which was incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of California. Defendants alleged that Yum! Brands Inc. is the sole member of Taco Bell of America, LLC. Yum! Brands Inc. is incorporated under the laws of the State of North Carolina and maintains its principal place of business in the Commonwealth of Kentucky. *Id.* at ¶ 6. Plaintiff had not moved to amend her complaint to join Taco Bell of America, LLC as a defendant.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[4]

---

[4] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

Plaintiffs did not allege that her claims are for less than the required jurisdictional amount. While this factor supports finding that the plaintiff's claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D.La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D.La., July 18,
(continued...)

In the Fifth Circuit, for cases removed from Louisiana courts, the established framework for resolving disputes over the amount in controversy is as follows. The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[5] Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the

---

[4](...continued)
2011).

[5] *See, Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D.Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D.La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Whether this framework will remain viable after the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, ___ S.Ct. ___ , 2014 WL 7010692 (Dec. 15, 2014) is unclear. In *Dart* the Court held that, as specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Therefore, the good faith amount-in-controversy allegation of a defendant removing a case asserting diversity jurisdiction should be accepted when not contested by the plaintiff or questioned by the district court. If the amount in

5

controversy is contested, both sides then submit proof and the district court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied.

**Analysis**

It is facially apparent from the plaintiff's petition that her claims exceed $75,000, exclusive of interest and costs. Although the plaintiff alleged non-specific injuries to her neck, she alleged specific injuries to her back, namely annular tears and bulging discs at L4-5 and L5-S1. While the plaintiff did not allege whether surgery will likely be required, such injuries are serious and surgery is a recognized treatment when more conservative treatment, e.g. physical therapy and/or medication, is not successful.

Defendants also argued that the plaintiff effectively conceded that the amount in controversy exceeds $75,000 because she refused to sign an affidavit or binding stipulation stating that her damages were less than $75,000.[6] Defendants also noted that the plaintiff did not include an allegation in her Petition stating that her damages were less than the amount necessary to establish jurisdiction of federal courts.

In response to the defendants' submission, the plaintiff provided no evidence show that the value of her claim was below

---

[6] Record document number 6-1 and 6-2.

$75,000. Nor did she explain her failure to include a jurisdictional allegation in her Petition or why she did not agree to the stipulation offered by the defendants. Plaintiff's arguments concerning the defendants' applicable burden of proof are without merit under both the current law and the holding in *Dart*. With respect to the plaintiff's argument that the Notice of Removal was procedurally deficient, the Supreme Court specifically instructed in *Dart* that a defendant's notice of removal need only contain a short and plain statement concerning the grounds for removal and that the inclusion of supporting evidence is not required.[7] Defendants' Notice of Removal meets this standard.

Considering the types of injuries and damages alleged, and the plaintiff's rejection of a stipulation limiting her damages, the defendants have shown by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, December 23, 2014.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] *Dart,* 2014 WL 7010692 at 6.