UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KRISTEN AKINS

VERSUS

ACE AMERICAN INSURANCE COMPANY,
ET AL.

CIVIL ACTION

NUMBER 14-653-SDD-SCR


## RULING ON MOTION TO COMPEL

Before the court is the Plaintiff's Motion to Compel filed by plaintiff Kristen Akins. Record document number 13. The motion is opposed.[1]

Plaintiff filed this motion to compel seeking supplemental responses to the Plaintiff's First Interrogatories and Request for Production of Documents served on defendant Taco Bell on May 21, 2015. Plaintiff originally sought supplemental responses to Interrogatory Nos. 6, 8, 9, 10, 13, 14, and Request for Production Nos. 4, 6, and 7. After additional discussions with opposing counsel, the plaintiff's issues with the responses to Interrogatory Nos. 6, 10, and 13 were withdrawn.

Defendant asserted that it provided the plaintiff with all relevant unprivileged material.

Plaintiff's motion is resolved as follows.

In Interrogatory No. 8 and Request for Production No. 4, the

---

[1] Record document number 14. Plaintiff filed a reply. Record document number 18.

plaintiff sought evidence related to a store surveillance video of the alleged incident. Defendant disclosed that the video feed from the store's closed circuit television ("CCTV") which may have recorded the alleged incident was not downloaded correctly, and a blank video (also referred to as a CCTV Disc) was received from the store. Defendant provided an affidavit verifying its response from its representative, Donna L. Phillips.[2] Defendant also provided an affidavit for Beth Sebastian, Senior Resolution Manager with Gallagher Basset Services, who confirmed that the CCTV Disc received from the store was blank.[3] In its supplemental responses, the defendant also stated that it was trying to contact "Mr. Randall" a person who was thought to have direct knowledge of the CCTV video, and stated that it was attempting to obtain an affidavit from its Loss Prevention Manager of Taco Bell who allegedly spoke to Mr. Randall regarding the blank video.

Plaintiff argued that the defendant failed to provide sufficient information regarding the surveillance video.

A review of the record shows that the plaintiff is entitled to a supplemental response. Defendant did not produce adequate information to allow the plaintiff to address issues surrounding the surveillance video. Because the CCTV system may have captured

---

[2] Record document number 14-1, p. 39, Affidavit of Donna A. Phillips.

[3] Record document number 14-1, p. 38, Affidavit of Beth A. Sebastian, ¶ 3.

the event, it is important evidence that should be, or should have been, in Taco Bell's possession. It is undisputed that the recorded disc received by the defendant's counsel is blank. However, no substantive explanation for the loss of the video was been provided.

Defendant should be able to produce contact information for a Rule 30(b)(6), Fed.R.Civ.P., representative to discuss the CCTV system at the store, including when and how video is captured, stored, retrieved and copied. Defendant has also not provided proper contact information for Mr. Randall, including his full name, last known address, and phone number. Nor does the record show that the defendant provided contact information for Phillips, its Loss Prevention Manager, and Sebastian, the representative of Gallagher Bassett Services. This information will allow the plaintiff an opportunity to conduct discovery regarding what happened to the original recorded video and whether recovery of it is possible. Defendant will be required to provide supplemental information as detailed above. After receipt, the plaintiff may conduct additional discovery limited to the issue of the missing surveillance video.

In Interrogatory No. 9, the plaintiff requested a detailed description of how the accident happened. Although the defendant provided a factual description of the events, the plaintiff argued that the defendant failed to explain why the ceiling tile fell. In

its supplemental response, the defendant asserted that a water leak, possibly caused by rain, caused the tile to fall.[4] This supplemental response is sufficient, and the plaintiff failed to provide any substantive facts to show the defendant has or should have additional information.

In Interrogatory Number 14, the plaintiff requested the defendant's policies concerning inspections on its premises. Defendant agreed to provide the requested information upon execution of a protective order. The record shows that the parties attempted to agree on the form of a protective order, but their efforts failed. Plaintiff subsequently argued that the maintenance policies at issue are not confidential. Defendant asserted that its administrative policies are confidential due to the nature of its business. Defendant also argued that the information is irrelevant because it does not dispute that the tile fell.

The record does not establish that the defendant has stipulated that it is at fault, i.e. responsible for the tile falling, and therefore its argument based on relevancy is unpersuasive. With respect to the protection of confidential information, the defendant - as the party seeking the protection - has the burden under Rule 26(c), Fed.R.Civ.P., to show good cause

---

[4] Record document number 14-1, Exhibit C, Defendant, Taco Bell of America, LLC's Supplemental Answers to Plaintiff, Kristen Akins' Interrogatories and Responses to Request for Production. Plaintiff incorrectly asserted that this statement was not contained in a discovery response.

for a protective order.  Defendant did not even file a motion seeking a protective order.  Defendant cannot refuse to produce discoverable information unless a protective order is issued, and then try to shift the burden of seeking entry of a suitable protective order to the plaintiff.  Defendant will be required to produce the information requested in Interrogatory Number 14 without a protective order (unless before the production must be made the parties agree to the form, and the defendant moves for entry of, a protective order).

Request for Production No. 6 sought all exhibits, photographs, video and/or documentary or demonstrative evidence, including the surveillance video.  Defendant asserted that it has no documents responsive to this request.  The issue concerning the surveillance video was addressed above, and the plaintiff has not demonstrated that a supplemental response with regard to any other evidence is warranted.

Both parties failed to fully address the issue with Request for Production No. 7, which sought reports concerning the plaintiff allegedly protected by work-product.  Because the plaintiff did not demonstrate why reports created by the defendant would not be protected work product, the plaintiff's request is denied.

Accordingly, Plaintiff's Motion to Compel is granted in part. Within 14 days the defendant shall provide supplement responses to Interrogatory Nos. 8 and 14 and Request for Production No. 4, as

discussed above.  No objections will be allowed.  In all other respects, the Plaintiff's Motion to Compel is denied.  Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs.

Baton Rouge, Louisiana, September 28, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE